1  Walter H. Walker, III (CA State Bar No. 63117)
   E-mail: skip@whk-law.com
2  Peter J. Koenig (CA State Bar No. 132437)
   E-mail:  peter@whk-law.com
3  Clarissa E. Kearns (CA State Bar No. 244732)
   E-mail:  clarissa@whk-law.com
4  WALKER, HAMILTON & KOENIG, LLP
   50 Francisco Street, Suite 460
5  San Francisco, CA 94133
   Telephone: (415) 986-3339
6  Facsimile: (415) 986-1618

7  Attorneys for Plaintiff
   ALICE LEE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA --- SACRAMENTO DIVISION

| Alice Lee, | No. _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** (Negligence) |
| Alexander Freeman, and DOES 1 through 20, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Alice Lee hereby avers as follows:

    I.    <u>THE PARTIES</u>

Plaintiff Alice Lee (hereinafter "Plaintiff) is a citizen of New Jersey and Defendant Alexander Freeman (hereinafter "Defendant") is a citizen of Colorado.

    II.    <u>JURISDICTION AND VENUE</u>

Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Plaintiff is a New Jersey citizen and Defendant is a citizen of Colorado.  Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

Venue in the Eastern District of California is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

III. STATEMENT OF CLAIM

On February 24, 2021, Plaintiff was skiing at Heavenly Ski Resort in South Lake Tahoe, California. Plaintiff was preceding down an intermediate level ski run on the California side of the resort called Ridge Run. The sky was blue and visibility was clear. The trail was wide and there were very few others on the run at the time. Plaintiff skied past a large yellow sign stating "NO STRAIGHT LINING" and the particular area is highlighted in yellow on the Heavenly trail maps which, according to the trail map legend is a "Slow Ski Area."

Plaintiff was skiing at a controlled, moderate speed. There were no other patrons in this area of the run which was a wide trail.

Defendant was snowboarding at Heavenly on this day and he approached the Ridge Run Slow Ski Area after Plaintiff. Defendant proceeded to snowboard down the Slow Ski Area in a straight line at a high rate of speed and collided into Plaintiff, sending her at least 20 to 30 feet in the air from the point of contact, face first into the ground. Upon being rolled over, Plaintiff began to regain consciousness and coughed up large amounts of blood. The right side of her face became severely swollen. Plaintiff suffered fractured ribs, numerous facial fractures and a shoulder injury.

Defendant engaged in reckless conduct totally outside the range of the ordinary activity of snowboarding, such that prohibition of his conduct would not deter vigorous participation or fundamentally alter the nature of this sport. Defendant's acts caused multiple injuries to Plaintiff, including severe physical injuries to her person, as well as pain and suffering, all to her general damages. As a further, direct and legal result of the negligence of Defendant, Plaintiff has incurred, and will be caused to incur, medical expenses, all to her general and monetary damages in excess of the $75,000.00 jurisdictional limits of this court.

///

IV. RELIEF

Plaintiff's paid medical expenses exceed $155,634.00, and future medical care is expected. Plaintiff's wage loss exceeds $15,000.00. Plaintiff's general damages are in excess of $500,000.00.

V. CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED: April 12, 2022                    WALKER, HAMILTON & KOENIG, LLP

By:  _____ /s/ Peter J. Koenig_____
Walter H. Walker, III
Peter J. Koenig
Clarissa E. Kearns
Attorneys for Plaintiff Alice Lee